UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:10-cr-00005-SEB-MGN |
| | ) | |
| JOHN CRAVENS, | ) | |
| | ) | |
| Defendant. | ) | |

# **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the May 1, 2013 Order entered by the Honorable Sarah Evans Barker designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on May 1, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 26, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 26, 2014, John Cravens ("Cravens") appeared in person with appointed counsel, Joseph Cleary. The government appeared by MaryAnn T. Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Nutter, U.S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. Cravens was readvised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petitions for Revocation of Supervised Release were provided to Mr. Cravens and his counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Mr. Cravens was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Cravens was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Cravens was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Cravens was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Cravens had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Cleary stated that Mr. Cravens would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr.

Cravens executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Cravens, through counsel, stipulated that he committed Violations 1 through 7, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on May 1, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant is to register a sex offender before completing any sentence of imprisonment and must keep his registration current in each jurisdiction where he resides, works, and/or attends school, as required by Section 113 of the Adam Walsh Child Protection and Safety Act of 2006 and at the direction of the Probation Officer."** |
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On October 14, 2012, the probation officer conducted a home exam at 18050 State Road 1, Lawrenceburg, and approved the offender's request to reside there with his girlfriend, Ashley Munt. On December 19, 2012, the probation officer checked the Indiana Sex and Violent Offender Registry and the offender's address was still listed as 9725 Old Hickory Road, Batesville. The probation officer contacted the Dearborn County Sheriff's Department and an investigation ensued. |
| | On February 15, 2013, the offender was charged in Dearborn County, Indiana, with Failure to Comply with Sex and Violent Offender Registration, a class D felony. He was arrested on February 22, 2013. The case is pending (15D01-1302-FD-0103). |
| | On April 2, 2013, the offender appeared in Dearborn County Superior Court No. 1 [sic] admitted allegations that he violated his county probation. He was sentenced to one year imprisonment. Probation will terminate on April 30, 2014 (15D01-0504-FB-0003). |
| 3 | **"The defendant shall participate in a sexual offender treatment assessment and evaluation program, to include a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed. The defendant shall also be subject to** |

**periodic polygraph examinations at the discretion and direction of the probation officer and at the defendant's expense."**

On December 19, 2012,, the probation officer mailed a letter to the offender instructing him to schedule a polygraph with Truth Seekers Polygraph, Inc., within seven days. On January 8, 2013, the offender left a voice mail message for the probation officer advising he received the letter and would call and schedule a polygraph. The offender was arrested by Dearborn County officials on February 22, 2013; he had not submitted to a polygraph, as directed by the probation officer, as of that date.

| | |
|---|---|
| **4** | **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."** |
| **5** | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

On January 30, 2013, the probation officer attempted to visit the offender at his place of employment but his car was not there. The probation officer called the offender who stated he was "let go" from his job. The probation officer reminded the offender he is required to report employment changes as soon as possible; he apologized. The probation officer then spoke with the offender's supervisor, Chip Farrell, at Multiple Machining, Inc. Mr. Farrell advised the offender was fired, and he last worked on January 13, 2013. He also stated the offender missed too many days of employment, often failed to call in when he missed, and was making costly mistakes at work.

| | |
|---|---|
| **6** | **"The defendant shall report to the probation officer and shall submit to a truthful and complete written report within the first five days of each month."** |

On January 19, 2012, the probation officer mailed several blank Sex Offender Questionnaires to the offender. The probation officer left a message on the offender's telephone voice mail the same day instructing him to fill out and return a questionnaire each month. On October 14, 2012, the probation officer gave the offender more blank questionnaires. The probation officer only received Sex Offender Questionnaires for January and March 2012.

| | |
|---|---|
| 7 | "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |
| | The offender was interviewed by Dearborn County Sheriff's Detective Brent Casebolt on February 6, 2013. The probation officer conducted a home visit on February 7, 2013, but the offender failed to tell the probation officer about the police contact the previous day. |

9. The Court placed Mr. Cravens under oath and directly inquired of Mr. Cravens whether he admitted the violations of the specifications of his supervised release set forth above. Mr. Cravens stated that he admitted the violations as set forth above.

10. Counsel for the parties further stipulated to the following:

    a. The highest grade violations, Violations 1 and 2, are alleged as Grade B violations, pursuant to U.S.S.G. § 7B1.1(a)(2).

    b. Mr. Craven has suffered criminal convictions that yield a criminal history category of III.

    c. The term of imprisonment applicable upon revocation of Mr. Craven's supervised release, therefore, is 8-14 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

11. The parties agreed to revocation and a term of imprisonment of eight (8) months, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, John Cravens, violated the above-delineated conditions in the Petition.

Mr. Craven's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of eight (8) months, with no supervised release to follow.

The Magistrate Judge requests that Jason Nutter, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Craven's supervised release and imposing a sentence of imprisonment of eight (8) months in the custody of the Attorney General or his designee, with no supervised release to follow.

**IT IS SO RECOMMENDED** this   02/28/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

MaryAnn T. Mindrum
Assistant United States Attorney
maryann.mindrum@usdoj.gov

Joseph Cleary
Indiana Community Federal Defender
Joe_cleary@fd.org

U. S. Parole and Probation

U. S. Marshal